**\*\*\* FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER \*\*\***

**Electronically Filed
Supreme Court
SCWC-24-0000539
20-APR-2026
08:42 AM
Dkt. 7 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

ALDEN BUNAG,
Petitioner/Defendant-Appellant.

SCWC-24-0000539

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-24-0000539; CASE NO. 1CPC-22-0001252)

APRIL 20, 2026

McKENNA, ACTING C.J., EDDINS, GINOZA, AND DEVENS, JJ.,
AND CIRCUIT JUDGE DREWYER, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY EDDINS, J.

**I.**

A sentencing court must state its reasons for imposing a consecutive sentence on the record at the time of sentencing. Not in a written order filed weeks later. And not by parroting what the prosecutor said.

Here, the circuit court did both. Its on-the-record rationale for a consecutive sentence was deficient, yet the Intermediate Court of Appeals (ICA) affirmed.

First, to uphold the consecutive sentence, the ICA relied on a written order filed after the defendant appealed. Written orders after sentencing provide no cover for an inadequate courtroom explanation as to "the need for consecutive sentences and the sentence a defendant 'would have received under the presumption of concurrent sentencing.'" State v. Bautista, 153 Hawai'i 284, 290, 535 P.3d 1029, 1035 (2023) (quoting Lewi v. State, 145 Hawai'i 333, 351, 452 P.3d 330, 348 (2019)).

Second, a what-she-said outsourcing of the court's responsibility for imposing a consecutive sentence falls short. The court's rationale must be independently articulated, not borrowed wholesale from a prosecutor's argument. See State v. Hussein, 122 Hawai'i 495, 510, 229 P.3d 313, 328 (2010).

Apart from these errors, the thin rationale the court did offer, a recitation of the case's circumstances, said nothing about why a consecutive term was justified.

We remand for resentencing.

**II.**

From August 2016 to September 2017, Alden Bunag (Bunag) worked as a substitute teacher at a middle school. He sexually assaulted a thirteen-year-old student, Luke (a pseudonym), on

2

multiple occasions in a classroom at the school.  He recorded at least two assaults.  He shared at least one video with adults via an online chatroom.  Federal Bureau of Investigation (FBI) agents later found child pornography on Bunag's phone and evidence of further distribution to others online.

Luke confirmed more than three instances of oral and anal penetration.  He told FBI agents he had asked Bunag to delete the recording but was unsure whether Bunag complied.  Luke reported that the abuse took a serious toll on his mental health.  He attempted to take his own life.

In January 2024, the United States District Court for the District of Hawai'i sentenced Bunag to seventeen-and-a-half-years for production of child pornography.

Meanwhile state proceedings had been underway since September 2022, when an O'ahu grand jury indicted Bunag on four offenses: count 1, continuous sexual assault of a minor under the age of fourteen years, Hawai'i Revised Statutes (HRS) § 707-733.6 (2014); count 2, promoting child abuse in the first degree, HRS § 707-750(1)(a) (2014 & Supp. 2016); count 3, promoting child abuse in the second degree, HRS § 707-751(1)(a) (2014 & Supp. 2016); and count 4, promoting child abuse in the third degree, HRS § 707-752(1)(b) (2014 & Supp. 2016).  In May 2023, the circuit court granted the State's motion for nolle prosequi as to count 2.

3

On March 25, 2024, Bunag pled guilty to counts 1, 3, and 4. There was no plea agreement.

At sentencing on July 10, 2024, the State orally moved for consecutive sentencing. The court granted the motion. It ordered the twenty-year (count 1) and ten-year (count 3) terms consecutive, totaling thirty years. The five-year term in count 4 was concurrent. The court also ordered the state sentence to be served concurrent with the federal sentence.

Here's the circuit court's on-the-record reasoning for the consecutive sentence:

> *Whether the -- whether the defendant -- there's no question he's going to serve time. The only question is whether it should be consecutive to any other time that he may be doing.*
>
> *Considering the position of how this thing came about, the vic -- the position that the defendant was in and the position this young person was in, defendant was the teacher.*
>
> *He had control over his action. He had control over some young peo -- some young people that were his students. In this case, unfortunately, the young person in this case the person that he selected.*
>
> *That is dangerous. This young person was looking to him for emotional support, educational support, not ruin [his] life. Because that's going to be staying with this young person for the rest of [his] life.*
>
> *. . . .*
>
> *So the State ha[s] every right to ask for consecutive years considering the seriousness of -- of what happened here as she [the prosecutor] stated on the record. She has every right to ask for.*
>
> *And considering the nature of this thing, this is what -- the Court's going to sentence you to . . . 30 years. 30, open term of 30 years based on the factors under -- under 706-606 and as stated by the prosecutor on for [sic] the record. Those are the factors that this Court has to consider[.]*

4

That was the court's consecutive sentencing rationale. The court discussed the teacher-student relationship and the emotional harm to Luke. It never mentioned count 3's distinct conduct — that Bunag recorded the sexual assaults and disseminated the videos. It did not address Bunag's history and characteristics beyond his role as teacher. It did not discuss deterrence, public safety, rehabilitation, or sentencing disparity. And when it was time to connect its reasoning to the consecutive sentence, the court deferred to the prosecutor: "as stated by the prosecutor on for the record."

On August 8, 2024, Bunag filed a notice of appeal. Four days later, the circuit court issued a written order granting the State's oral motion for consecutive sentencing. The State drafted the order. The court adopted it verbatim.

The order tried to mop up the court's slim treatment of the HRS § 706-606 (2014) factors, including its near silence on the "history and characteristics of the defendant." See HRS § 706-606(1). The order addressed ground the court did not cover at sentencing - the videos, the dissemination, Bunag's background, and the full range of statutory factors.

The ICA affirmed, relying extensively on this post-sentencing, post-appeal order.

**III.**

A court exceeds the presumptive statutory maximum sentence when it imposes a consecutive sentence.  See HRS § 706-668.5(1) (Supp. 2022); Lewi, 145 Hawaiʻi at 350, 452 P.3d at 347.

Lengthening terms of imprisonment beyond the max extends the restraint on a person's liberty.  Years, sometimes decades, are added to time behind bars.

Look at extended term sentencing.  It doubles a maximum sentence for B and C felonies, enhances A felonies to life, and life sentences to life without the possibility of parole.  See HRS §§ 706-660 (2014 & Supp. 2016), 706-661 (2014).

Consecutive term sentencing operates similarly.  Sometimes, an aggregate consecutive sentence more than doubles the presumptive maximum.  See State v. Barrios, 139 Hawaiʻi 321, 327-28, 389 P.3d 916, 922-23 (2016) (consecutive sentences totaling 100 years of imprisonment).  Yet unlike extended term sentencing (jury trial, charging document notice, "necessary for the protection of the public" findings beyond a reasonable doubt), consecutive sentencing has limited procedural protections.  See HRS § 706-664 (2014).

Sure, a sentencing court has discretion to impose consecutive sentences.  But that discretion is bounded.  It is constrained by the statutory presumption of concurrent sentences

6

and our requirement that courts clearly articulate reasons to depart from that presumption.

We continue this court's march, from <u>Hussein</u> through <u>Kong</u> and <u>Barrios</u> to <u>Bautista</u>. Trial courts must support any consecutive sentence with clear and comprehensive reasons on the record.

This is not new. "Courts 'must state <u>on the record at the time of sentencing</u> the reasons for imposing a consecutive sentence.'" <u>Bautista</u>, 153 Hawai'i at 290, 535 P.3d at 1035 (emphasis added) (quoting <u>Hussein</u>, 122 Hawai'i at 510, 229 P.3d at 328); <u>see also</u> <u>Barrios</u>, 139 Hawai'i at 333, 389 P.3d at 928. That did not happen here.

The ICA leaned on the court's August 12, 2024 written order to uphold the consecutive sentence. It pointed to the order's discussion of Bunag's law-abiding life, his supportive family, education, and past positive interactions with children as evidence the court had covered Bunag's history and characteristics. However, the court did not discuss any of this at sentencing.

The ICA also flagged the order's discussion of Bunag's dissemination of the videos, and Luke's fear that others had seen them. Based on the order, the ICA concluded that the sentencing court had considered the separate and distinct harms

of counts 1 and 3.  The court, though, made no mention of this at sentencing.

Post-sentencing written findings and conclusions to justify a consecutive sentence are not reasons "on the record at the time of sentencing."  Hussein, 122 Hawai'i at 510, 229 P.3d at 328.  So the court's order, filed after Bunag appealed, is off limits to salvage a consecutive sentencing decision.

The on-the-record requirement serves dual purposes.  First, in-court reasons ensure that the court has engaged in the proper analysis before imposing the sentence, not after.  Second, providing this reasoning "confirm[s] for the defendant, the victim, the public, and the appellate court, that the decision to impose consecutive sentences was deliberate, rational, and fair."  State v. Kong, 131 Hawai'i 94, 102, 315 P.3d 720, 728 (2013) (quoting Hussein, 122 Hawai'i at 509-10, 229 P.3d at 327-28).

A post-sentencing order cannot mend what was missing from the hearing.  If it could, the on-the-record requirement would be meaningless.  Any court could impose a sentence, wait, and then file findings to backfill its rationale.  That is not how consecutive sentencing works.  And when the written order is drafted by the prosecution and adopted verbatim by the court after the defendant has already appealed, the problem is compounded.

The ICA erred by relying on the August 12, 2024 order to affirm Bunag's sentence.

There's another flaw with the circuit court's sentence. Even setting the order aside, the court inadequately stated its reasons for imposing the consecutive sentence. It "gave a suboptimal explanation for [the] consecutive sentence." Bautista, 153 Hawai'i at 290-91, 535 P.3d at 1035-36.

Concurrent sentences are the default. Lewi, 145 Hawai'i at 350, 452 P.3d at 347. To depart from that presumption, the court must consider the HRS § 706-606 factors and "adequately distinguish between the need for consecutive sentences and the sentence a defendant 'would have received under the presumption of concurrent sentencing.'" Bautista, 153 Hawai'i at 290, 535 P.3d at 1035 (quoting Lewi, 145 Hawai'i at 351, 452 P.3d at 348). The court's rationale must be "tethered to each consecutive sentence." Id. at 291, 535 P.3d at 1036. "Stacking sentences after merely reciting a case's circumstances is an abuse of discretion." Id.

Here, the circuit court reviewed the facts concerning "the nature and circumstances of the offense." But what sentencing court doesn't? Every sentencing court does. After all, the "nature and circumstances" of the crime is why the defendant stands before the court in the first place.

9

The circuit court overwhelmingly relied on the HRS § 706-606(1) nature and circumstances of the offense factor. During the sentencing hearing, the court stated that it "[c]onsider[ed] the position of how this thing came about, the vic -- the position that the defendant was in and the position this young person was in, defendant was the teacher." The court discussed Bunag's control over the victim, the "danger" inherent in the teacher-student dynamic, and the lasting harm to Luke. These remarks address the nature and circumstances of the offense, the primary HRS § 706-606 factor, and one discussed at every sentencing hearing. See HRS § 706-606(1).

That's not necessarily off base. HRS § 706-606(1) involves the offense itself. And is the foremost factor courts rely on. But the court discussed the teacher-student relationship, and the emotional harm to Luke, then stopped.

Weighty considerations, no question. Still, they explain why Bunag deserved a lengthy sentence - not why a consecutive term was necessary on top of the concurrent presumption. Courts should discuss the "nature and circumstances" at least in general terms in every case. When that's all a court offers, though, it's the type of mere recitation we rejected in Bautista. 153 Hawai'i at 291, 535 P.3d at 1036.

The court failed to articulate facts supporting why it ran count 3 (promoting child abuse in the second degree)

10

consecutively to count 1 (continuous sexual assault of a minor). Not once did the court mention that Bunag recorded and disseminated videos of the sexual assault. No reference by the court in court at all. That omission matters because discussing the "nature and circumstances" of the "same event" involving multiple counts is inadequate. Id. Courts must do more to articulate the different counts, and why together, in the court's view, those separate counts need to run consecutively. See id.

The ICA seemed to think that the court also considered the "'seriousness' of Bunag's offenses" under HRS § 706-606(2)(a). The court's general comment that the State had the right to request consecutive sentencing based on the "seriousness [of] what happened here," though, was equally inadequate. It did not otherwise explain why the presumptive twenty-year concurrent sentence would be insufficient to reflect the seriousness of the offense under HRS § 706-606(2)(a). See HRS § 706-606(2)(a) ("The need for the sentence imposed[] . . . [t]o reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense[.]"). Nor did the court separately explain why the ten-year term in count 3, as opposed to the five-year term in count 4, ran consecutively rather than concurrently. See Bautista, 153 Hawai'i at 290, 535 P.3d at 1035 (courts must "provide clearly articulated reasons for 'each and

every consecutive sentence'") (quoting State v. Sandoval, 149 Hawaiʻi 221, 236, 487 P.3d 308, 323 (2021).

Then there's the outsourcing problem.  The court told Bunag it was sentencing him "based on the factors under -- under 706-606 and as stated by the prosecutor on for the record." (Emphasis added.)  The court did not articulate its own conclusions.  Instead, it endorsed the State's position: "the State ha[s] every right to ask for consecutive years considering the seriousness of -- of what happened here as [the prosecutor] stated on the record."  (Emphasis added.)

A court's what-she-said approach at the sentencing hearing is not the independent analysis our case law demands.  The court must articulate its rationale on the record to ensure that its sentencing call was "deliberate, rational, and fair."  Hussein, 122 Hawaiʻi at 510, 229 P.3d at 328.

Adopting a prosecutor's argument is not analysis.  It leaves the court's own HRS § 706-606 reasoning unstated.  The reasons to justify a sentencing decision that overcomes a statutorily presumed maximum cannot be outsourced.

The court must state its rationale in its own words.  The presumption that a sentencing court has considered all HRS § 706-606 factors does not excuse the court from articulating its reasoning, especially for consecutive sentencing.  See Barrios, 139 Hawaiʻi at 333, 389 P.3d at 928 ("Absent clear

evidence to the contrary, it is presumed that a sentencing court will have considered all factors before imposing concurrent or consecutive terms of imprisonment under HRS § 706-606.") (citation omitted). The HRS § 706-606 factors are not a checklist to mouth at sentencing. The statute calls for something more. The focus must be on how the factors support a sentence beyond the concurrent default.

Not every HRS § 706-606 factor must be discussed on the record. See id. But the relevant factors and reasoning the court bases its consecutive sentencing on must be stated on the record. See id. Here, the circuit court did not connect its recited factors to its consecutive sentencing reasoning. It abused its discretion.

## IV.

We vacate the ICA's November 5, 2025 Judgment on Appeal and the circuit court's July 10, 2024 Judgment of Conviction and Sentence to the extent it ordered consecutive sentencing. We remand to the circuit court for resentencing.

Henry P. Ting
(on the briefs)
for petitioner

Loren J. Thomas
(on the briefs)
for respondent

/s/ Sabrina S. McKenna

/s/ Todd W. Eddins

/s/ Lisa M. Ginoza

/s/ Vladimir P. Devens

/s/ Michelle L. Drewyer

